McCOLLEY & BROTHER, use of MITCHELL WARREN *vs.* WILLIAM & B. COLLINS.

*Amendment in the names of parties allowed, on terms.*

REPLEVIN.

*Mr. Layton*, for plaintiff, moved at the trial term to amend, by striking out the use, and substituting the cestui que use as the real plaintiff.

*Mr. Cullen* objected, on the ground that it would be introducing a new party.

But *the Court* said, the case was in principle like *Holland's adm'r., assignee of Wilson* vs. *McIlvaine's adm'r.*, where an amendment was allowed at the last term, and they would adhere to that decision, until the practice of allowing amendments in such cases should be disapproved of by the Court of Appeals.

Judge HARRINGTON said, he did not regard it as introducing a new party. For many purposes, a cestui que use is noticed by the court *as a party*, rules are laid on him in practice, even the rule security for costs, and there can be no objection of surprise or want of notice, to allow a party already in court to assume his real position and character, whether as assignee or cestui que use, or by casting off such designation and standing as a party in his own right. And if such shifting of the character in which a party stands on the record, should operate by way of surprise to the defendant, in his preparation for present trial, he will be relieved by a continuance at the cost of the party applying for the amendment.

Amendment allowed; and the case continued, on payment of the costs of the term.

*Layton*, for plaintiff.
*Cullen*, for defendant.